STATE, BY DOUGLAS M. HEAD, ATTORNEY
GENERAL, v. RONALD HENDRICKSON
AND OTHERS.
EARL S. THOMPSON AND ANOTHER,
RESPONDENTS.

194 N. W. 2d 571.

February 11, 1972—No. 42970.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Russell B. Swanson,* Special Assistant Attorney General, for appellant.

*Tuveson & Goldman* and *Robert C. Tuveson,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

Appeal by the state from an order denying its motion for a new trial. On appeal to the trial court from the commissioners' award following condemnation of a portion of respondents' land for highway purposes, the state attempted to set off against the condemnation award the value of alleged special benefits to the land remaining after the taking. The trial court refused to allow evidence of these alleged special benefits. We affirm.

Respondents were the owners of 111.73 acres of farmland located approximately three-quarters of a mile east of Clarks Grove, Minnesota. The entire northern boundary of the land fronted on Trunk Highway No. 251. A portion of the land is being taken by the state in connection with the construction of Interstate Highway No. 35 (called I-35), which, when completed, will traverse respondents' property in a northeasterly and southwesterly direction. After the taking, 72.47 acres will remain to the west of I-35, and 7.58 acres will be left to the east.[1] Access

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] The 7.58 acres was used for a borrow pit for which the state had an easement which expired December 1, 1970.

is still available to Highway No. 251, which has been reconstructed, but the land abutting will be reduced from a quarter of a mile to 415 feet. The 7.58 acres which will remain to the east of the freeway will be completely isolated so that respondents' access thereto is completely cut off.

During trial, the state made an offer of proof of expert testimony which, if allowed, would have tended to show that approximately 4 of the remaining acres abutting the southwest ramp of the diamond interchange between Highway No. 251 and I-35, by reason of its proximity to that interchange, would be suitable as a commercial site for an establishment such as a motel, restaurant, or gasoline station. The state further contended that the value of this claimed special benefit accruing to those 4 acres could then be set off against the condemnation award. The alleged special benefits might conceivably equal or surpass the damages for the land taken, with the result that the state would not be required to pay anything to respondents. The trial court refused to allow the offset and sustained the objection to the offered testimony. The jury awarded $18,525 as damages for the land taken and $5,475 as damages for harm to the land remaining.

The issue raised here was recently decided in the case of State, by Mattson, v. Colon, 292 Minn. 189, 194 N. W. 2d 574 (1972). The facts in that case parallel those in the instant case except that in Colon there was no assessment of severance or other damages with respect to severed land. We find no necessity for a repetitive review of the historical development of the so-called "special benefit" law developed in our past decisions and in decisions of other jurisdictions.

This court held in State, by Mattson, v. Colon, *supra*, that the enhancement in value to land caused by its proximity to a highway interchange was not a special benefit and could not be set off against the amount awarded for the land taken for the construction of that interchange. Having so held in that case, where there was no award for severance or other damages to the land

remaining after the taking, it remains but a short step for us to similarly hold in those instances where severance or other damages are assessed for the remaining land. We fail to see why an award for damages to the remaining land should make any difference or require a different ruling. We hold, therefore, that, when a portion of a landowner's property is acquired by the state for the construction of an interchange forming a part of an interstate highway, the enhancement in value of the remainder of the property occasioned by its proximity to the interchange and the expected traffic is not a special benefit and should not be set off against the amount awarded for the land actually taken or the damages, if any, to the land remaining after the taking.

Proof of alleged special benefits resulting to the remaining part of the land, which included such enhanced value, was properly excluded.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.